IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALLERGAN, INC. and DUKE UNIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | Case No. 1:10-CV-681-CCE-WWD |

**MEMORANDUM SUPPORTING CONSENT MOTION
TO CONSOLIDATE CASE NOS. 1:11-CV-298-CCE-WWD AND
1:10-CV-681-CCE-WWD PURSUANT TO FED. R. CIV. P. 42(a)**

Plaintiffs, Allergan, Inc. ("Allergan") and Duke University ("Duke") (collectively, "Plaintiffs"), by counsel, respectfully submit this Memorandum supporting their Consent Motion to Consolidate Case Nos. 1:11-CV-298-CCE-WWD and 1:10-CV-681-CCE-WWD Pursuant to Fed. R. Civ. P. 42(a). In support of this motion, Plaintiffs state as follows:

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiffs instituted *Allergan, Inc. and Duke University v. Apotex Inc. and Apotex Corp.*, Civil Action No. 1:10-CV-681-CCE-WWD (the "Apotex case"), on September 8, 2010, and *Allergan, Inc. and Duke University v. Sandoz, Inc.*, Civil Action No. 1:11-CV-298-CCE-WWD (the "Sandoz case"), on April 15, 2011. The Apotex case and Sandoz case are similar lawsuits involving common questions of law and fact relating to the alleged infringement and validity of U.S. Patent Nos. 7,351,404 ("the '404 patent"), 7,388,029 ("the '029 patent"), and 6,403,649 ("the '649 patent"). Both cases involve similar claims and counterclaims arising from the defendants' alleged infringement of the

2941834

Case 1:10-cv-00681-CCE-LPA   Document 40   Filed 08/02/11   Page 1 of 8

patents-in-suit under U.S.C. § 271(e)(2) by submission of Abbreviated New Drug Applications ("ANDAs") seeking FDA approval to engage in commercial manufacture, use and sale of a Bimatoprost Topical Solution, 0.03%, a generic version of Allergan's drug, Latisse®, before expiration of the '404 and '029 patents based on claims of invalidity and noninfringement. Both actions remain pending presently before this Court and have been assigned to District Judge Catherine C. Eagles and Magistrate Judge Wallace W. Dixon.

Apotex filed its Answer, Defenses, and Counterclaims to the Plaintiffs' Complaint in the Apotex case on November 22, 2010. (Docket No. 24.) Plaintiffs filed their Answer to Apotex's Counterclaims on January 7, 2011. (Docket No. 26.) Plaintiffs and Apotex filed their Joint Rule 26(f) Report (Docket No. 28) on February 16, 2011. On February 17, 2011, the Court issued an Order adopting the Joint Rule 26(f) Report and assigning the Apotex case an exceptional case management track. The Court has scheduled a jury trial in the Apotex case for the October 2012 Calendar Term commencing on October 1, 2012. (Docket No. 33.) To date, Plaintiffs and Apotex have exchanged initial written discovery, but have not yet begun depositions.

Sandoz filed its Answer, Affirmative Defenses, and Counterclaims to the Plaintiffs' Complaint in the Sandoz case on May 27, 2011. (Docket No. 22.) Plaintiffs filed their Answer to Sandoz's Counterclaims on June 20, 2011. (Docket No. 25.) As the pleadings in the Sandoz case have just closed, the parties have not yet held their Rule 26 conference or engaged in discovery. No trial date has been set in the Sandoz case.

The factual and legal issues presented in both actions are similar. Plaintiffs have conferred with counsel for both Apotex and Sandoz about consolidating the Apotex case

2998566

and Sandoz case for purposes of discovery, claim construction, and trial. Apotex and Sandoz have agreed to consolidate the actions, and the parties have already begun working together to address discovery issues in the two cases, particularly as to the burdensome and duplicative electronic discovery requirements and development of appropriate search terms and protocols for amassing relevant documents. In consenting to the motion to consolidate, counsel for Sandoz has agreed to all existing deadlines in the Apotex case with two requested modifications: (1) Sandoz has requested that the start of fact depositions be moved from August 23, 2011, and (2) counsel for Sandoz has a pre-existing conflict on the trial date presently set in the Apotex case for the October 2012 Calendar Term commencing on October 1, 2012. Counsel for Plaintiffs has a pre-existing conflict during the Court's November 2012 Calendar Term. One or more of these pre-existing conflicts may be resolved by settlement, rescheduling or otherwise. The parties therefore request that the trial date for both actions be set for a date that will accommodate all counsel's existing calendars, and that will be set by the Court upon conferring with the parties during the course of discovery. All other deadlines would remain the same following consolidation.

## ARGUMENT

Consolidation of the Apotex case and Sandoz case is warranted for the reasons described below.

**I.    Legal Standards for Consolidation.**

Federal Rule of Civil Procedure 42(a) states:

When actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters in issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay.

2998566

District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). In exercising their discretion under Rule 42(a),

> the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citing *Arnold v. E. Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)). The Court should also consider the consent of other parties to the cases proposed for consolidation. *Id.*

## II.  Consolidation Is Appropriate in this Instance.

Consolidation of the Apotex case and Sandoz case is both appropriate and reasonable in light of the similar subject matter, claims, and similar defenses asserted in the two cases. Both cases involve the same Plaintiffs and patents, the same claims and counterclaims, and common questions of claim construction, patent validity, and patent infringement. The two cases are already pending before the same Court, and their consolidation will eliminate duplicative proceedings, achieve judicial economy, reduce the costs of discovery, eliminate the risk of inconsistent claim construction and jury verdicts, and minimize the burden on fact witnesses and the parties.

Courts have long held consolidation appropriate in patent infringement cases involving the same patents, but multiple defendants. *See, e.g.*, *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 369 (4th Cir. 1967) ("In view of the complex and time consuming nature of patent cases, the advisability of consolidation is obvious.");

2998566

*Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980) (consolidating three patent cases over defendants' objection to "prevent duplicative efforts by Court and counsel" and to promote efficiency through coordinated discovery); *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (consolidating two patent cases over plaintiff's objection where plaintiff and patents involved were identical, and where both defendants raised identical issues of fact and law).

Consolidation of the Apotex case and Sandoz case will promote efficiency and promote judicial economy by permitting the parties and the Court to avoid wasteful and duplicative proceedings. Consolidation will significantly streamline document and deposition discovery related to the similar patents and similar accused products in the two actions, and will additionally permit the consistent resolution of discovery disputes if they arise. At the pretrial level, consolidation will eliminate the need for duplicative briefing and hearings on claim construction, dispositive motions, and pretrial submissions. At trial, a single trier of fact can hear the evidence just once and adjudicate all the parties' competing claims and contentions in a single consolidated proceeding. By eliminating unnecessary duplication of effort and possible inconsistent results, the parties will reduce their litigation costs, minimize disruption to the parties and third party witnesses, and halve the time required for trial.

Consolidation will also aid the parties and Court by eliminating the risk of prejudice and possible confusion resulting from inconsistent constructions of the patents-in-suit or jury verdicts on otherwise similar claims. Although Apotex's and Sandoz's formulation of their generic Bimatoprost Topical Solution, 0.03% may vary, the core factual and legal issues on infringement and validity are likely similar in the two cases.

No party will be prejudiced by consolidation, nor will consolidation unreasonably delay either action. As noted above, Sandoz has agreed to virtually all dates as presently scheduled in the earlier-filed Apotex case. The two schedule changes proposed by the parties—moving the start date for fact depositions and setting the trial date upon conferring with the parties closer to the October 2012 Calendar Term—will result in minimal delay to the current schedule. Moreover, the requested delay in the trial date is to resolve an existing conflict during the current week of trial, not for the purpose of delay or because counsel for Sandoz believes that action cannot be ready for trial by the date set in the Apotex case. In light of these considerations, and with the defendants' consent, this Court should consolidate the Apotex case and Sandoz case for all purposes.

## **CONCLUSION**

Based on the foregoing arguments and authorities, Plaintiffs respectfully request that this Court grant their motion and consolidate the Apotex case and Sandoz case into a single proceeding following the schedule set forth in the Joint Rule 26(f) Report adopted in the Apotex case with the two modifications noted in Plaintiffs' motion.

Respectfully submitted,

Dated: August 2, 2011

/s/ Bryan G. Scott
Bryan G. Scott
N.C. State Bar No. 32920
Jeffrey D. Patton
N.C. State Bar No. 21246
Attorneys for Plaintiffs
SPILMAN THOMAS & BATTLE, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone: (336) 725-4710
bscott@spilmanlaw.com
jpatton@spilmanlaw.com

2998566

OF COUNSEL:

Juanita R. Brooks
Roger A. Denning
Craig Countryman
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Email: brooks@fr.com
Email: denning@fr.com
Email: countryman@fr.com

Jonathan E. Singer
Deanna J. Reichel
Elizabeth M. Flanagan
FISH & RICHARDSON, P.C.
60 South Sixth St., #3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Email: singer@fr.com
Email: Reichel@fr.com
Email:  eflanagan@fr.com

Douglas E. McCann
A. Martina Tyreus Hufnal
Robert Oakes
FISH & RICHARDSON, P.C.
222 Delaware Avenue
17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-5070
Email: dmccann@fr.com
Email: tyreus@fr.com
Email: oakes@fr.com

Jeffrey T. Thomas
GIBSON DUNN & CRUTCHER
3161 Michelson Drive
Irvine, CA 92612
Telephone: (949) 451-3800
Email: jtthomas@gibsondunn.com

COUNSEL FOR PLAINTIFFS
ALLERGAN, INC. AND DUKE UNIVERSITY

2998566

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing MEMORANDUM SUPPORTING CONSENT MOTION TO CONSOLIDATE CASE NOS. 1:11-CV-298-CCE-WWD AND 1:10-CV-681-CCE-WWD PURSUANT TO FED. R. CIV. P. 42(a) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Darrell Fruth
Jim W. Phillips, Jr.
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
dfruth@brookspierce.com
jphillips@brookspierce.com

William A. Rakoczy
Paul J. Molino
Tara M. Raghaven
Shira J. Kapplin
Heinz J. Salmen
RAKOCZY MOLINO MAZZOCHI SIWIK, LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60654

*Attorneys for Defendants*

Dated: August 2, 2011        /s/ Bryan G. Scott
                                                Bryan G. Scott
                                                N.C. State Bar No. 32920
                                                Jeffrey D. Patton
                                                Attorneys for Plaintiffs
                                                SPILMAN THOMAS & BATTLE, PLLC
                                                110 Oakwood Drive, Suite 500
                                                Winston-Salem, NC 27103
                                                Telephone: (336) 725-4710

2998566