UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALLERGEN, INC. and DUKE UNIVERSITY, | )<br>)<br>) |
| Plaintiffs, | )<br>)  CIVIL ACTION NO. 1:11-cv-650<br>) |
| HI-TECH PHARMACAL CO., INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE CASE NOS. 1:11-cv-650; 1:11-cv-298-CCE-WWD and 1:10-cv-681-CCE-WWD PURSUANT TO FED. R.CIV. P. 42(a)**

Defendant, Hi-Tech Pharmacal Co., Inc. ("Hi-Tech"), by and through counsel, respectfully submits this Memorandum supporting its Motion to Consolidate Case Nos. 1:11-cv-650; 1:11-cv-298-CCE-WWD and 1:10-cv-681-CCE-WWD pursuant to Fed. R. Civ. P. 42(a). In support of this Motion, Defendant states as follows:

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiffs instituted *Allergan, Inc. and Duke University v. Apotex Inc. and Apotex Corp.*, Civil Action No. 1:10-CV-681-CCE-WWD (the "Apotex case"), on September 8, 2010, and *Allergan, Inc. and Duke University v. Sandoz, Inc.,* Civil Action No. 1:11-CV-298-CCE-WWD (the "Sandoz case"), on April 15, 2011.  The Apotex and Sandoz cases were consolidated by Order of this Court on September 2, 2011.  The Apotex/Sandoz case and Hi-Tech Case are similar lawsuits involving common questions of law and fact relating to the alleged infringement and validity of U.S. Patent Nos. 7,351404 ("the '404 patent"), 7,388,029 ("the '029 patent"), and 6,403,649 ("the '649 patent").  Both cases involve similar claims and counterclaims arising from the defendants' alleged infringement of the patents-in-suit under U.S.C. §271(e)(2) by submission of Abbreviated New Drug Applications ("ANDAs") seeking FDA approval to

engage in commercial manufacture, use, and sale of a Bimatoprost Topical Solution, 0.03%, a generic version of Allergan's drug, Latisse®, before expiration of the '404 and '029 patents based on claims of invalidity and noninfringement. Both actions remain pending presently before this Court and have been assigned to District Court Judge Catherine C. Eagles and Magistrate Judge L. Patrick Auld.

On February 17, 2011, the Court issued an Order adopting the Joint Rule 26(f) Report and assigning the Apotex case an exceptional case management track. The Court scheduled a jury trial in the Apotex case for the October 2012 Calendar Term commencing on October 1, 2012, (Docket No. 33.) However, pursuant to the Court's order consolidating Apotex and Sandoz (Docekt No. 38), the trial date of October 1, 2012 was continued to a date selected by the Magistrate Judge following consultation with the parties. Additionally, it is the understanding of Hi-Tech that the parties in Apotex/Sandoz have exchanged written discovery but have not yet begun depositions.

In the Hi-Tech case, the parties have exchanged initial disclosures, have agreed to the same terms of the Apotex/Sandoz stipulated Protective Order governing confidentiality (Docket No. 41-1; 1:10-CV-681), and are prepared to exchange documents identified using the same search terms as were agreed to and utilized by the parties in the Apotex/Sandoz case. Currently the Rule 26(f) conference in the Hi-Tech case is scheduled for January 19, 2012.

The factual and legal issues presented in both actions are similar. Counsel for Hi-Tech has conferred with Plaintiffs' counsel and counsel for both Apotex and Sandoz about consolidating the Apotex/Sandoz case for purposes of discovery, claim construction, and trial. Although there was some initial general agreement that to do so would be in the best interest of judicial economy and that such consolidation would not delay the proceedings, it is the best

2

understanding of counsel for Hi-The that plaintiffs are not able to agree to this consolidation request due to stipulation that one or more of the defendants in the Apotex/Sandoz case are requiring from the plaintiffs. In requesting the consolidation, counsel for Hi-Tech has advised all interested parties that Hi-Tech will agree to all existing deadlines in the Apotex/Sandoz case which have not already passed, with two requested modifications: (1) Hi-Tech has requested that the end of fact depositions be moved from January 12, 2012 to March 26, 2012, to allow sufficient time for the preparation for and taking of fact and expert witnesses for Hi-Tech; and that the deadlines for the expert reports to be exchanged between Hi-Tech & Plaintiffs be modified slightly but without extending the deadline for close of discovery. All other deadlines would remain the same following consolidation.

**ARGUMENT**

Consolidation of the Apotex/Sandoz case and Hi-Tech case is warranted for the reasons described below:

### I. Legal Standards for Consolidation.

Federal Rule of Civil Procedure 42(a) states:

> When actions before the court involve a common question at law or fact, the court may: (1) join for hearing or trial any or all matters in issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay.

District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.,* 559 F.2d 928, 933 (4th Cir. 1977). In exercising their discretion under Rule 42(a),

3

> the court should weigh the risk of prejudice and possible
> confusion versus the possibility of inconsistent adjudication
> of common factual and legal issues, the burden on the parties,
> witnesses, and judicial resources by multiple lawsuits, the
> length of time required to try multiple suits versus a single
> suit, and the relative expense required for multiple suits
> versus a single suit.

*In re Cree, Inc.,* 219 F.R.D. 369, 371 (M.D.N.C. 2003)(citing *Arnold v. E. Air Lines,* 681 F.2d 186, 193 (4th Cir. 1982)).

**II.  Consolidation is Appropriate in this Instance.**

Consolidation of the Apotex/Sandoz case is both appropriate and reasonable in light of the similar subject matter, claims, and similar defenses asserted in the cases. Both cases involve the same Plaintiffs and patents, similar claims and counterclaims, and common questions of claim construction, patent validity, and patent infringement. The three cases are already pending before the same Court, and their consolidation will eliminate duplicative proceedings, achieve judicial economy, reduce the costs of discovery, eliminate the risk of inconsistent claim construction and jury verdicts, and minimize the burden of fact witnesses and the parties.

Courts have long held consolidation appropriate in patent infringement cases involving the same patents, but multiple defendants. *See, e.g., General Tire & Rubber Co. v. Watkins,* 373 F.2d 361, 369 (4th Cir. 1967) ("In view of the complex and time consuming nature of patent cases, the advisability of consolidation is obvious."); *Magnavox Co. v. APF Elecs. Inc.,* 496 F. Supp. 29, 32-33 (N.D. Ill.1980)(consolidating three patent cases over defendants' objections to "prevent duplicative efforts by Court and counsel" and to promote efficiency through coordinated discovery); *Sage Prods., Inc. v. Devon Indus., Inc.,* 148 F.R.D. 213, 215 (N.D. Ill.

1993)(consolidating two patent cases over plaintiff's objection where plaintiff and patents involved were identical, and where both defendants raised identical issues of fact and law).

Consolidation of the Apotex/Sandoz case and the Hi-Tech case will promote efficiency and promote judicial economy by permitting the parties and the Court to avoid wasteful and duplicative proceedings. Consolidation will significantly streamline document and deposition discovery related to the similar patents and similar accused products in the two actions, and will additionally permit the consistent resolution of discovery disputes if they arise. At the pretrial level, consolidation will eliminate the need for duplicative briefing and hearings on claim construction, dispositive motions, and pretrial submissions. At trial, a single trier of fact can hear the evidence just once and adjudicate all the parties' competing claims and contentions in a single consolidated proceeding. By eliminating unnecessary duplication of effort and possible inconsistent results, the parties will reduce their litigation costs, minimize disruption to the parties and third party witnesses, and halve the time required for trial.

Consolidation will also aid the parties and Court by eliminating the risk of prejudice and possible confusion resulting from inconsistent constructions of the patents-in-suit or jury verdicts on otherwise similar claims. Although the defendants' formulation of their generic Bimatoprost Topical Solution, 0.03% may vary, the core factual and legal issues on infringement and validity are likely similar in the two cases.

No party will be prejudiced by consolidation, nor will consolidation unreasonably delay either action. As noted above, Hi-Tech has agreed to virtually all dates as presently scheduled in the earlier-filed Apotex/Sandoz case. The minor schedule changes proposed by Hi-Tech moving the end date for fact depositions of Hi-Tech witnesses/representatives and slightly modifying the due date for exchange of expert reports between Hi-Tech and Plaintiffs will result in no delay to

the current dispositive motion or trial schedule. In light of these considerations this Court should consolidate the Apotex/Sandoz case and Hi-Tech cases for all purposes.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendant respectfully requests that this Court grant its motion and consolidate the Apotex/Sandoz case and Hi-Tech case into a single proceeding following the schedule set forth in the Joint Rule 26(f) Report adopted in the Apotex/Sandoz case with the modifications noted in Defendant's motion.

Respectfully submitted this the 14th day of December, 2011.

/s/ Lyn K. Broom
Lyn K. Broom (N.C. State Bar No. 17674)
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
101 S. Elm Street, Suite 350 (27401)
P.O. Box 1898
Greensboro, NC 27402-1898
Phone: (336) 272-4810
Fax: (336) 272-2448
E-mail: lkb@trslaw.com

*Co-Counsel:*
/s/ Steven Roth
Steven Roth
N.Y. Registration No. 2401230
Associate General Counsel
Hi-Tech Pharmacal Co., Inc.
369 Bayview Avenue
Amityville NY 11701
Phone: (631) 789-8228 x4199
Fax: (631) 881-9216
E-mail: sroth@hitechpharm.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on December 14, 2011, by operation of the Court's Electronic Case Filing System, on counsel of record in case number 1:11-CV-650, 1:10-CV-681, and 1:11-CV-298 and as follows:

>Bryan G. Scott
>Jeffrey Dean Patton
>Spilman Thomas & Battle, PLLC
>110 Oakwood Dr, Ste 500
>Winston-Salem, NC 27103
>E-mail: bscott@spilmanlaw.com ; jpatton@spilmanlaw.com
>
>Elizabeth M. Flanagan
>Deanna J. Reichel
>Jonathan E. Singer
>Fish & Richardson, P.C.
>60 S. 6th Street, Suite 3200
>Minneapolis, MN 55402
>e-mail: eflanagan@fr.com; reichel@fr.com; singer@fr.com
>
>Doug McCann
>Jennifer Hall
>Robert M. Oakes
>A. Martina Hufnal
>P.O. Box 1114
>Wilmington, DE 19801
>Telephone: (302) 652-5070
>Email: dmccann@fr.com ; jhall@fr.com; oakes@fr.com; tyrenus@fr.com
>
>Juanita R. Brooks
>Roger A. Denning
>Craig E. Countryman
>Fish & Richardson, P.C.
>12390 El Camino Real
>San Diego, CA 92130
>Telephone: 858-678-4377
>Fax: 858-678-5099
>e-mail: brooks@fr.com; denning@fr.com; countryman@fr.com
>
>Michael A. Siem
>Fish & Richardson, P.C.
>601 Lexington Ave, 52nd Floor

New York, NY 10022
Telephone: 212-765-5070
Fax: 212-258-2291
e-mail: siem@fr.com

Limin Zheng
Fish & Richardson, PC
500 Arguello Street, Ste. 500
Redwood City, CA 94063
Telephone: 650-839-5107
Fax: 650-839-5071
e-mail: zheng@fr.com

Jeffrey T. Thomas
Gibson, Dunn & Crutcher, LLP
3161 Michelson Dr.
Irvine, CCA 92612-4412
Telephone: 949-451-3967
Fax: 949-475-4670
e-mail: jtthomas@gibsondunn.com

Allen Robert Baum
Rashad L. Morgan
Brinks Hofer Gilson & Lione
2801 Slater Rd, Ste 120
Morrisville, NC 27560
Telephone: 919-460-2625
Fax: 919-481-1110
e-mail: abaum@brinkshoffer.com; rmorgan@brinkshofer.com

Brandon G. Helms
Meredith Martin Addy
Thomas J. Filarski
Steptoe & Johnson, LLP
115 S. Lasalle St., Suite 3100
Chicago, IL 60603
Telephone: 312-577-1300
Fax: 312-577-1370
e-mail: bhelms@steptoe.com; maddy@steptoe.com; tfilarski@steptoe.com

F. Hill Allen, IV
Tharrington Smith
P.O. Box 1151
Raleigh, NC 27602-1151

Telephone: 919-821-4711
Fax: 919-829-1583
e-mail: hallen@tharringtonsmith.com

Darrell A. Fruth
Jim W. Phillips, Jr.
Brooks Pierce McLendon Humphrey & Leonard
P.O. Box 26000
Greensboro, North Carolina 27420-6000
Telephone: 336-373-8850
Fax: 336-378-1001
e-mail: dfruth@brookspierce.com; jphillips@brookspierce.com

Heinz J. Salmen
Neil A. Benchell
Paul A. Molino
Tara M. Raghavan
William A. Rakoczy
Rakoczy Molino Mazzochisiwik, LLP
6 W. Hubbard Street, Suite 500
Chicago, IL 60654
Telephone: 312-222-6301
Fax: 312-222-6321
e-mail: hsalmen@rmmslegal.com; nbenchell@rmmslegal.com; paul@rmmslegal.com; traghavan@rmmslegal.com; wrakoczy@rmmslegal.com

This the 14th day of December, 2011.

/s/ Lyn K. Broom
Lyn K. Broom (N.C. State Bar No. 17674)
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
101 S. Elm Street, Suite 350 (27401)
P.O. Box 1898
Greensboro, NC 27402-1898
Phone: (336) 272-4810
Fax: (336) 272-2448
E-mail: lkb@trslaw.com