IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALLERGAN, INC. and DUKE UNIVERSITY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:10-CV-681 |
| v. | ) | |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | | |
| ALLERGAN, INC. and DUKE UNIVERSITY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:11-CV-298 |
| v. | ) | |
| | ) | |
| SANDOZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ALLERGAN, INC. and DUKE UNIVERSITY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-CV-650 |
| | ) | |
| HI-TECH PHARMACAL CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PERMANENT INJUNCTION and FINAL JUDGMENT**

This order supplements the Judgment of the Court entered on January 25, 2013 and resolves all the issues in this case. In accordance with its April 23, 2013, Memorandum Opinion and Order, and pursuant to 35 U.S.C. § 271(e)(4)(B), and

consistent with its findings that the plaintiffs will suffer an irreparable injury, that remedies available at law are inadequate, that the balance of hardships between the plaintiff and defendant warrants an equitable remedy, and that the public interest would not be disserved by a permanent injunction, the Court enters the following permanent injunction and **ORDERS** that:

1. Apotex Inc. and Apotex Corp., including any of their subsidiaries, successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them ("Apotex"), and any persons in privity with Apotex, and any person or entity to whom Apotex transfers Abbreviated New Drug Application No. 201894 are **ENJOINED** from the commercial manufacture, use, offer to sell and/or sale of the products described in Apotex's Abbreviated New Drug Application No. 201894 within the United States and its territories or importing the described products into the United States and its territories until after the latest of the expiration dates of U.S. Patent No. 7,351,404 and U.S. Patent No. 7,388,029.

2. Sandoz Inc., including any of its subsidiaries, successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them ("Sandoz"), and any persons in privity with Sandoz, and any person or entity to whom Sandoz transfers Abbreviated New Drug Application No. 202719 are **ENJOINED** from the commercial manufacture, use, offering to sell and/or sale of the products described in Sandoz's Abbreviated New Drug Application No. 202719 within the United States and its territories or importing the described products into the United States

and its territories until after the latest of the expiration dates of U.S. Patent No. 7,351,404 and U.S. Patent No. 7,388,029.

3. Hi-Tech Pharmacal Co., Inc., including any of its subsidiaries, successors, assigns, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them ("Hi-Tech"), and any persons in privity with Hi-Tech, and any person or entity to whom Hi-Tech transfers Abbreviated New Drug Application No. 203051 are **ENJOINED** from the commercial manufacture, use, offer to sell and/or sale of the products described in Hi-Tech's Abbreviated New Drug Application No. 203051 within the United States and its territories or importing the described products into the United States and its territories until after the latest of the expiration dates of U.S. Patent No. 7,351,404 and U.S. Patent No. 7,388,029.

This the 23rd day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE